UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK WILLIAM H.,<br>   Plaintiff,<br> v.<br>CAROLYN W. COLVIN,<br>   Defendant. | Case No. 16-cv-07383-DMR<br><br>**ORDER GRANTING SECOND MOTION FOR ATTORNEYS' FEES**<br>Re: Dkt. No. 43 |

  Plaintiff Erik William H. filed a complaint seeking to reverse the Commissioner of the Social Security Administration's administrative decision to deny his application for benefits under the Social Security Act, 42 U.S.C. § 401 *et seq*. The court denied Plaintiff's motion for summary judgment, and Plaintiff appealed the decision to the Ninth Circuit Court of Appeals. The Ninth Circuit reversed the Administrative Law Judge's ("ALJ") decision and remanded the matter with instructions to award benefits. Plaintiff's counsel Josephine M. Gerrard now moves for an award of attorneys' fees under 42 U.S.C. § 406(b). [Docket No. 43 ("Mot.").] The Commissioner filed a response. [Docket No. 44 ("Resp.").] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the motion is granted.

**I. BACKGROUND**

  The facts of this case were set out in the court's previous order. [Docket No. 42.] On October 18, 2023, the Social Security Administration issued a Notice of Award for auxiliary benefits finding that Plaintiff was due $89,436 in total past-due benefits as auxiliary benefits. Mot. at 2, Ex. A (Notice re: Benefits). The retainer agreement between Plaintiff and counsel permits Gerrard to request an attorneys' fees award of up to 25% of any past-due benefits awarded. Mot. at 2, Ex. B (Retainer Agreement). Gerrard is requesting an award of attorneys' fees in the amount of $22,359.00, which she represents is 25% of the estimated total award of

1    auxiliary benefits.  Mot. at 2.  As the Commissioner points out, Plaintiff's counsel was already

2    ordered to refund Plaintiff $19,000.00 for the Equal Access to Justice Act ("EAJA") fees this court

3    previously approved.  Resp. 4.  No further refund is required.

4         Gerrard served a copy of the motion on Plaintiff on August 10, 2024.  [Docket No. 49

5    (Proof of Service).]  No objections have been filed.  [*See* Docket No. 48 (setting August 30, 2024

6    deadline for objections to fee motion).]

## II.  LEGAL STANDARD

Under the Social Security Act, an attorney who successfully represents a claimant before a court may seek an award of attorneys' fees not to exceed 25 percent of any past-due benefits eventually awarded.  42 U.S.C. § 406(b).  While contingency fee agreements are permissible in Social Security cases, section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  In deciding whether a fee agreement is reasonable, courts must consider "the character of the representation and the results the representative achieved."  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (quoting *Gisbrecht*, 535 U.S. at 808).  The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall."  *Id.*  While a court may consider an attorney's lodestar in deciding whether an award of fees under section 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee."  *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

## III.  DISCUSSION

In this case, Gerrard reports that she spent a total of 178.40 hours litigating this case in federal court from 12/16/2016 through 9/27/2022, amounting to $71,360.00 in attorneys' fees.  Mot. at 4, Ex. E (Time Log).  The court has already granted $44,752.75 in attorneys' fees.  [Docket No. 42.]  Combined with Gerrard's current request of $22,359.00, the total award to Gerrard would be $67,101.75 in attorneys' fees for this case.  Granting Gerrard's second motion

attorneys' fees would result in an effective hourly rate of $376.13.[1]

Upon considering the record and arguments, the court finds that the fees requested are reasonable. First, the requested fee amount does not exceed the statutory maximum of 25%. The hours counsel expended also appear to be reasonable. *See* Time Log.

Second, *Gisbrecht* and *Crawford* make clear that lodestar methodology should not drive fee awards under section 406(b). This is because "the lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Crawford*, 586 F.3d at 1149; *see also Gisbrecht*, 535 U.S. at 806 (emphasizing that the lodestar calculation is intended to govern in fee-shifting cases, not fee awards under section 406(b)). Indeed, after *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (Infante, J.).

Third, California district courts have awarded greater fees under section 406(b). The $376.13 effective hourly rate sought here is low when compared to other cases. *See, e.g.*, *Truett v. Berryhill*, 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (awarding an attorney 24.9% of the past-due benefits, which resulted in an effective hourly rate of $1,788.62); *Harrell v. Berryhill*, No. 16-cv-2428-TSH, 2018 WL 4616735 (N.D. Cal. Sept. 24, 2018) (awarding $49,584.96 in attorneys' fees, representing an effective hourly rate of $1,213.83 and 24.37% of the past-due

---

[1] The court calculates the effective hourly rate based on the requested fee award under section 406(b) without deducting the EAJA fee award that was refunded to Plaintiff. This is because section 406 establishes the "exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht*, 535 U.S. at 795-96. An attorney may receive fee awards under both EAJA and section 406(b) but because section 406(b) fees are exclusive, the attorney must refund to the claimant the smaller of the fee awards. *Id.* at 796. In other words, the fee awards under those statutes are independent of each other and the court must determine whether the total section 406(b) award is itself reasonable. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) ("[A]n award under § 406(b) compensates an attorney for *all* the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." (emphasis added)); *see also Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (calculating the effective hourly rate before deducting the EAJA award).

3

benefits); *Ainsworth v. Berryhill*, No. 16-cv-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) (finding an effective hourly rate of $1,325.34 reasonable).

Finally, nothing in the record suggests that Gerrard provided substandard representation. Gerrard achieved a substantial award of past-due benefits for her client, and as noted, no party objected to the fee request.

In light of the above considerations, the requested fee award is "not excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151.

## IV. CONCLUSION

For the reasons stated above, the motion for attorneys' fees is granted. The court awards fees in the amount of $22,359.00 less any administrative assessment pursuant to 42 U.S.C. § 406(d). The fees are to be paid out of Plaintiff's past-due benefits in accordance with agency policy.[2]

**IT IS SO ORDERED.**

Dated: September 3, 2024

_____
Donna M. Ryu
Chief Magistrate Judge

---

[2] The Commissioner requested that this additional language be reflected in this court's order and Plaintiff did not object.